UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>     v.<br><br>JAIME COLLAZO MUNOZ,<br><br>                      Defendant. | Case Nos. 3:21-cr-00010-MMD-CLB-1<br><br>ORDER |

**I.     SUMMARY**

Defendant Jaime Collazo Munoz is serving a sentence of 60 months for distributing fentanyl. (ECF No. 189.) Before the Court is Munoz's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on "extraordinary and compelling reasons." (ECF No. 201 ("Motion").[1]) Because the Court does not find Munoz has presented extraordinary and compelling reasons for his release, the 18 U.S.C. § 3553(a) factors do not otherwise favor it, and as further explained below, the Court will deny the Motion.

**II.     BACKGROUND**

A jury found Munoz guilty of selling fentanyl pills to an undercover officer on two occasions. (ECF No. 153.) Munoz argued he was entrapped at trial, and again in a post-trial motion for judgment of acquittal. (ECF No. 175 at 1-2.) The Court denied that motion. (*Id.*) The Court imposed a below-guideline sentence on Munoz. (ECF Nos. 188, 189, 196 at 35-36.) However, during the sentencing, the Court noted that it found the conduct Munoz was found guilty of "extremely serious." (ECF No. 196 at 32.) The Court noted this was because "distribution of fentanyl [is] extremely dangerous in the community, probably even more so and more concerning than methamphetamine." (*Id.* at 33.)

---

[1] Munoz filed his Motion *pro se.* His counsel supplemented the Motion. (ECF No. 213.) The government responded. (ECF No. 216.) Munoz did not timely file a reply.

Munoz appealed his convictions and sentence, but the United States Court of Appeals for the Ninth Circuit affirmed both in May 2024. (ECF No. 199.)

Munoz filed his pro se Motion in September 2024, requesting compassionate release to help his mother with his handicapped brother and his stepfather, who "has been getting sick all the time." (ECF No. 201 at 1.) He further noted he helped them with bills before his incarceration. (*Id.*) He attached documentation indicating that he had made the same request to the warden, but the warden denied his request. (*Id.* at 2-5.) In his initial request to the warden, he stated he wished to be compassionately released primarily to help his 82-year-old grandmother in Mexico, who had fallen, breaking her hip and an arm. (*Id.* at 5.) That said, he also mentioned he used to help his grandparents, mother, and handicapped brother by sending them money he earned working as a barber. (*Id.*)

In her supplement to Munoz's pro se motion, his counsel notes that Munoz was released pretrial to help care for his brother Pilar, who suffers from cerebral palsy, has the cognitive abilities of a two-year-old, and requires round-the-clock care. (ECF No. 213 at 2-3.) Munoz's counsel further notes that United States Magistrate Judge Carla Baldwin released Munoz pretrial in part because another brother, who had been caring for Munoz's disabled brother, was moving away. (*Id.* at 2.) Munoz's counsel accordingly argues that, just like he was pretrial, Munoz should be released early to help care for his brother, Pilar. (*See generally id.*) Munoz's counsel otherwise notes that Munoz's projected release date is in the summer of 2026. (*Id.* at 3.)

**III.   DISCUSSION**

Munoz seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (*Id.*) This provision offers Munoz a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c); *see also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to reduce a

sentence based on 'extraordinary and compelling reasons' after the defendant has asked the [Bureau of Prisons ("BOP")] to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request." *United States v. Mogavero*, Case No. 2:15-cr-74-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

The Court follows a three-step process to evaluate the Motion. First, the Court determines if Munoz has satisfied the statutory prerequisites under Section 3582(c)(1)(A). Then, the Court evaluates whether Munoz has shown "extraordinary and compelling reasons" for the Court to release him under Section 3582(c)(1)(A)(i). Finally, the Court addresses the applicable policy statements and sentencing factors under Section 3582(c)(1)(A). The Court "must consider the factors in 18 U.S.C. § 3553(a) 'to the extent that they are applicable,' and any sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" 18 U.S.C. § 3582(c)(1)(A)(i). Here, as there is no dispute regarding the first step, the Court will primarily address the latter two steps.

## A.     Statutory Prerequisites

Section 3582(c)(1)(A) requires that a defendant ask the BOP to bring a motion for compassionate release on the defendant's behalf before filing such a motion with the court, normally done by submitting a request to the warden. *See also* 18 U.S.C. § 3582(c)(1)(A). In addition, a defendant may only bring a motion under Section 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

There is no dispute Munoz has exhausted his administrative remedies. On August 5, 2024, Munoz submitted a request for compassionate release to the warden of the facility where he is detained, and the warden denied his request on August 15, 2024. (ECF No. 201 at 2-6.) "The government agrees that the defendant has exhausted his

administrative remedies[.]" (ECF No. 216 at 15.) The Court thus proceeds to the other two steps of the analysis.

### B. Extraordinary and Compelling Reasons

As articulated by his counsel, "Munoz's brother's disability, along with his parents' difficulties in caring for him alone, meet the definition of 'extraordinary and compelling reasons' for early release." (ECF No. 213 at 4.) The government counters that Munoz has not shown extraordinary and compelling reasons because his counsel does not focus on other reasons vaguely presented in Munoz's pro se Motion, and caring for Munoz's handicapped brother does not constitute an extraordinary or compelling reason for early release because nothing appears to have changed since Munoz's sentencing and Munoz does not present sufficient evidence as to whether and how other family members are available to care for his handicapped brother. (ECF No. 216 at 15-17.) The Court agrees with the government.

While the Court sympathizes with the plight of Munoz's family and his brother, Pilar, in particular, Munoz has not presented adequate evidence with his Motion that Pilar's caretaking arrangements or needs have changed in extraordinary or compelling ways since the Court sentenced Munoz meriting compassionate release. And Munoz has not established that he, "would be the only available caregiver for" Pilar in any event. U.S.S.G. 1B1.13(b)(3)(D). Indeed, Munoz's mother's letter submitted in support of the Motion states that Pilar is currently receiving the care he needs, but advocates for Munoz's release because he has been very helpful with caring for Pilar in the past, and Munoz's presence would provide additional care and support. (ECF No. 213-2 at 2.) The government also points out (ECF No. 216 at 17) that Munoz argued in his motion to reconsider detention that the main reason Munoz was needed at home to help with Pilar was because his brother Fernando, who helped with Pilar, was imminently moving to Texas (ECF No. 44 at 8-9).[2] But neither Munoz nor his counsel state in the Motion or the supplement whether Fernando ended up moving to Texas. And the government

---

[2]As noted, Judge Baldwin granted the motion at a hearing. (ECF No. 50.)

4

represents it searched a government database and found that Fernando's most recent driver's license is registered to an address in Sparks, Nevada. (ECF No. 216 at 17.)

In sum, Munoz has not shown that he is the only person available to care for Pilar. Munoz has accordingly failed to present an extraordinary or compelling reason for early release. *See* U.S.S.G. 1B1.13(b)(3)(D).

### C. Section 3553(a) Factors

Munoz further argues that the Section 3553(a) factors warrant a reduction in his sentence because he does not pose a danger to the community, citing his minimal criminal record and his work assignment as a barber where he is incarcerated, picking up on his experience running his own barbershop for three years. (ECF No. 213 at 5-6.) The government counters that the Section 3553(a) factors do not support early release because his conduct was extremely serious—he was dealing fentanyl, and firearms were involved. (ECF No. 216 at 18-19.) Moreover, the government argues, Munoz never accepted responsibility and attempted to minimize his role in the offenses he was found guilty of, instead casting blame towards the government in a way rejected by the jury, the Court, and the Ninth Circuit.[3] (*Id.*) The Court again agrees with the government.

Neither Munoz nor his counsel present evidence or argument in the Motion or supplement sufficient to convince the Court to reconsider what it said at sentencing: "There's no question that the conduct here is extremely serious." (ECF No. 196 at 32; *see also id.* at 16 ("The evidence that I mentioned compels a finding that Mr. Munoz possessed a dangerous weapon in connection with the offenses[.]").) The Court also specifically noted at sentencing its finding that Munoz did not accept responsibility or demonstrate remorse over Munoz's objection. (*Id.* at 17-19.) The Court even noted, "I rarely decline to apply the two-level reduction, but this is one instance where I find that the record supports and compels my finding." (*Id.* at 19.) And nothing in Munoz's Motion

---

[3] As noted, the Court denied his motion for acquittal based on entrapment (ECF No. 175), and the Ninth Circuit affirmed the Court's denial of that motion (ECF No. 199 at 2-3).

or the supplement tends to show remorse or an acceptance of responsibility that would merit reconsidering the findings the Court made at sentencing.

Indeed, to the contrary, Munoz continues to insist that there is an error in his PSR to the effect that he was a leader, but he was not charged with that, suggesting that he still does not accept responsibility. (ECF No. 201 at 1.) The Court reviewed his PSR after reviewing the Motion and sees that Probation recommended a two level enhancement in his sentence for his role in the offense. However, Munoz objected to this recommendation before sentencing, and the Court sustained his objection, declining to adopt the recommended enhancement because, "I just don't find that he was a leader, organizer of a drug trafficking organization." (ECF No. 196 at 16-17.) Said otherwise, the Court agreed with the argument Munoz continues to make now back at the time of sentencing, so no time was added to his sentence based on an inaccurate impression that he was the leader of a drug-dealing ring. That argument accordingly presents the Court with no basis to reconsider the Section 3553(a) factors it considered when it sentenced him either. Weighed together, the Section 3553(a) factors do not favor releasing Munoz early.

In sum, because Munoz's stated justification for early release does not constitute an extraordinary and compelling reason within the meaning of Section 3582(c)(2), and the Section 3553(a) factors do not otherwise favor releasing him, the Court will deny the Motion.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

///

///

///

///

1     It is therefore ordered that Munoz's motion for sentence reduction under 18 U.S.C.
2 § 3582(c)(1)(A) (ECF No. 201) is denied.

3     DATED THIS 30th Day of April 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE